**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MELVIN BROWN,

      Plaintiff,

  v.             No. 15-CV-1515
               (LEK/CFH)
S. DUBOIS; et al.,

      Defendants.

---

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| MELVIN BROWN<br>Plaintiff pro se<br>04-A-0155<br>Coxsackie Correctional Facility<br>P.O. Box 999<br>Coxsackie, New York 12051 | |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the<br> State of New York<br>The Capitol<br>Albany, New York 12224<br>Attorney for Defendants | MELISSA A. LATINO, ESQ.<br>Assistant Attorney General |

## REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se Melvin Brown ("Brown"), an inmate who was, at all relevant times, in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging that

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

defendants Scott Dubois ("Dubois"), Douglass Padgett ("Padgett"), and Kenneth Colao ("Colao") violated his rights under the Eighth and Fourteenth Amendments. See Dkt. No. 1 ("Compl."). At all relevant times, Brown was incarcerated at Eastern Correctional Facility ("Eastern C.F."). See id. Presently pending is defendant Colao's motion, pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) to dismiss the claim against him on the ground that Brown has failed to state a claim upon which relief may be granted. Dkt. No. 24. Brown filed a response. Dkt. No. 28. Colao did not file a reply. For the following reasons, it is recommended that defendant Colao's motion be granted.

## I. Background

### A. Claim Against Defendant Colao

On July 3, 2014, Brown was on his way to the mess hall when defendant Padgett stopped him and asked him to close another inmate's cell door. Compl. at 2. Brown told Padgett that it wasn't "[his] job" to close the door and that Padgett should close the door himself. Id. Padgett then told Brown to assume the position for a pat frisk. Id. at 5. Once Brown assumed the pat frisk position, Padgett slapped him in the face. Id. Dubois, Padgett, and other officers pushed Brown to the floor and beat him, causing bruises on his legs, a cut on his mouth, injuries to his shoulders and ribs, and a missing tooth. Id. at 3, 5. On the same day that he was allegedly assaulted by Dubois, Padgett, and others, Brown was arrested by the New York State Police and charged with assaulting an officer. Id. at 6.

During the disciplinary hearing following the incident, defendant Colao, the hearing officer, asked Dubois if Brown had assaulted him on July 3, 2014, and Dubois answered

"no".  Compl. at 6.  Despite Dubois's answer, Colao found Brown guilty of assault, and penalize him with Special Housing Unit ("SHU") time and loss of good time credits.  Id.

## II.  Discussion[2]

### A.  Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a defendant may move to dismiss a complaint for a plaintiff's "failure to state a claim upon which relief can be granted."  When considering such a motion, a court must "construe plaintiff['s] complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiff['s] favor."  Selevan v. N.Y. Thruway Auth., 584 F.3d 82, 88 (2d Cir. 2009) (quoting Holmes v. Grubman, 568 F.3d 326, 335 (2d Cir. 2009)) (internal quotation marks omitted).  However, this "tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009)) (internal quotation marks and alterations omitted).

Accordingly, to survive a motion to dismiss, a complaint must state a claim for relief that is "'plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (explaining that the plausibility test "does not impose a probability requirement . . . it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."));  see also Arar v. Ashcroft, 585 F.3d 559, 569 (2d Cir. 2009) (holding that "[o]n a motion to dismiss, courts require enough facts

---

[2]  All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

to state a claim to relief that is plausible . . . .") (internal citations omitted). Determining whether plausibility exists is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## B. Fourteenth Amendment

The Due Process Clause of the Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. It is important to emphasize that due process "does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished without due process of the law." Baker v. McCollan, 443 U.S. 137, 145 (1979) (internal quotation and citations omitted). "A liberty interest may arise from the Constitution itself, . . . or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). An inmate retains a protected liberty interest to remain free from segregated confinement if the prisoner can satisfy the standard set forth in Sandin v. Conner, 515 U.S. 472, 483–84 (1995). Defendants do not address in their motion whether Brown has pleaded allegations sufficient to implicate a liberty interest. For this motion only, the Court assumes that Brown has established a liberty interest for purposes of his Fourteenth Amendment claims.

### 1. Disciplinary Hearing

While inmates are not given "the full panoply of [due process] rights" during a disciplinary hearing, they are still afforded procedural process. Wolff v. McDonnell, 418

U.S. 539, 556 (1974). A prisoner is "entitled to advance written notice . . .; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir.2004) (citations omitted).

Construing Brown's complaint liberally, the Court finds that Brown challenges (1) the impartiality of Colao; and (2) the evidence that supports Colao's disciplinary determination.[3] See Compl. at 3, 5.

### a. Fair and Impartial Hearing Officer

Prisoners have a constitutional right to a fair and impartial hearing officer. See, e.g., Sira, 380 F.3d at 69. However, "[t]he degree of impartiality required of prison officials does not rise to the level of that required of judges . . . [as i]t is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." Allen v. Cuomo, 100 F.3d 253, 259 (2d Cir. 1996) (citations omitted). "Claims of hearing officer bias are common in § 1983 cases by inmate plaintiffs, and where they are based on purely conclusory allegations, they are routinely dismissed." Washington v. Afify, No. 11–CV–6176L, 2013 WL 4718693, at *8 (W.D.N.Y. Sept. 3, 2013) (citing *inter*

---

[3] Although defendant Colao has set forth arguments in his counseled brief regarding whether Brown received adequate written notice of the hearing; whether Brown was allowed to call witnesses or present evidence at the hearing; and whether Brown received a written statement of the findings and dispositions after the hearing, the Court finds that Brown has not asserted these issues as bases for his Fourteenth Amendment claim against Colao. See Compl. Indeed, upon initial review of Brown's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(B), Senior United States District Judge Lawrence E. Kahn found that Brown's only Fourteenth Amendment claim against Colao was that Colao "found him guilty based upon a false report." Dkt. No. 10 at 9. Thus, the Court declines to read into Brown's complaint claims that he has not asserted.

*alia* Vogelfang v. New York State Dep't of Corr., No. 10–CV–3827, 2010 WL 3895493, at *1 (S.D.N.Y. Oct. 4, 2010)).

Here, even viewing the allegations in the light most favorable to the plaintiff, Brown has failed to allege a due process claim based on the denial of a fair and impartial hearing officer. Brown presents no facts to support his claim that Colao failed to act as an impartial hearing officer other than the bare assertion that he "did not care" that Brown's rights were violated and that Colao would have found Brown guilty no matter the evidence presented. Compl. at 3; see Brown v. Prack, 77 F. Supp. 3d 301, 316 (W.D.N.Y. 2014) ("An inmate's own subjective belief that a hearing officer was biased is insufficient [to state a claim for relief under 28 U.S.C. § 1983].") (citation omitted).

Accordingly, the Court recommends that defendant Colao's motion on this ground be granted.

### b. Colao's Reliance on the Testimony of Dubois and Misbehavior Report

An inmate has a right not to be deprived of a liberty interest without due process. However, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988)). Further, an inmate does not have a constitutional right to be free from false testimony by correction staff at prison disciplinary hearings. Collins v. Ferguson, 804 F. Supp. 2d 134, 138–39 (W.D.N.Y.2011) (citing *inter alia* Phillips v. Goord, No. 08–CV–0957, 2009 WL 909593, at *6 (W.D.N.Y. Apr. 1, 2009) ("a claim for the filing of a false report or of

providing false testimony by a correctional officer witness at a disciplinary hearing, in and of itself, does not state a cognizable claim that plaintiff's due process rights were violated"). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Boddie v. Schnieder, 105 F .3d 857, 862 (2d Cir.1997) (citing Franco v. Kelly, 854 F.2d 584, 588–90 (2d Cir.1988)).

Here, Brown contends that the inmate misbehavior report relied on by Colao is false, and that Dubois responded "no" when asked at the hearing whether Brown had hit him. Compl. at 6. First, the Second Circuit has held that the issuance of a false misbehavior report "is insufficient on its own to establish a denial of due process." Faison v. Janicki, No. 03-CV-6475L, 2007 WL 529310, at *4 (W.D.N.Y. Feb. 14, 20017) (citing Boddie, 105 F.3d at 862)). Furthermore, Brown makes no allegation that Dubois or Padgett filed a false misbehavior as a retaliatory act. See id. (noting that a false misbehavior report may establish a denial of due process "where the fabrication of evidence was motivated by a desire to retaliate for the inmate's exercise of his substantive constitutional rights") (citing Franco, 854 F.2d at 588-89).

To the extent that Brown argues that he was denied procedural protections stemming from the allegedly false misbehavior report, the Court finds that Brown has failed to state a claim upon which relief may be granted. The issuance of a false misbehavior report may establish a denial of due process "where . . . procedural protections were denied that would have allowed the inmate to expose the falsity of the evidence against him." Faison, 2007 WL 529310, at *4 (citing Freeman, 808 F.2d at 952). Here, Padgett's inmate misbehavior report states that Brown punched Dubois in the face. See Compl. at 8. Brown argues that Dubois testified that Brown did not punch him. Compl. at 6; Dkt. No. 28 (Brown's Response

in Opposition to Defendant Colao's Motion) at 3. Brown's assertion is belied by the hearing transcript, which is incorporated herein by Brown's reference to Dubois's testimony during the disciplinary hearing, and the inclusion of Brown's misbehavior report and hearing disposition sheet in his complaint.[4] See Dkt. No. 24-1 (Appendix A) at 13-35. During the disciplinary hearing, Colao asked Dubois to described what happened during the July 3, 2014 incident. According to the hearing transcript, Dubois stated: "I saw Officer Padgett with an inmate on the wall frisking him, the inmate being belligerent the inmate came off the wall Office [sic] Padgett went to grab him he turned towards Officer Padgett *and that is when he hit my face*." Dkt. No. 24-1 at 31 (emphasis added).

As Brown's only argument regarding the evidence presented at this disciplinary hearing is that Colao disregarded Dubois's testimony, and the hearing transcript clearly establishes this claim to be without merit, the Court finds that Brown has failed to raise a genuine issue of fact as to his claim that Colao distorted Dubois's testimony. Accordingly, the Court recommends that defendant Colao's motion on this ground be granted.

### III. Conclusion

For the reasons stated above, it is hereby:

**RECOMMENDED** that defendant Kenneth Colao's motion for dismissal under Fed. R. Civ. P. 12(b)(6) (Dkt. No. 24) of plaintiff Melvin Brown's Fourteenth Amendment

---

[4] "When deciding a motion to dismiss, the court's 'review is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference.'" Avgerinos v. Palmyra-Macedon Central School Dist., 690 F. Supp. 2d 115, 124 n.7 (W.D.N.Y. 2010) (citing McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007) (additional citation omitted). Therefore, on a motion to dismiss, the Court may consider "documents that are integral to the complaint, are partially quoted in the complaint, or were relied upon by plaintiff in drafting the complaint[.]" Id. (citing Faulkner v. Beer, 463 F.3d 130, 134 (2d Cir. 2006)).

claim against him be **GRANTED**; and it is further

**RECOMMENDED** that defendant Kenneth Colao be **DISMISSED** from this action; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993); <u>Small v. Sec'y of HHS</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

DATED:     February 28, 2017
           Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge