UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MELVIN BROWN,

                        Plaintiff,

   -against-                                      9:15-CV-1515 (LEK/CFH)

S. DUBOIS, *et al.*,

                        Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on February 28, 2017, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 51 ("Report-Recommendation"). Pro se plaintiff Melvin Brown timely filed Objections. Dkt. No. 52 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Brown makes one specific objection to Judge Hummel's Report-Recommendation: defendant Colao, the hearing officer in this case, found Brown guilty despite the testimony of inmate Bruce Smith, who said that C.O. Padgett "put his fingers in inmate Brown['s] face" during the confrontation. Objs. at 2. Brown appears to be challenging the sufficiency of the evidence relied on to punish him for assaulting C.O. Dubois.

It is well established that "inmates retain due process rights in prison disciplinary proceedings." Hanrahan v. Doling, 331 F.3d 93, 97 (2d Cir. 2003). "[P]rison discipline decisions affecting an inmate's liberty interest cannot be 'imposed arbitrarily' but must be 'supported by some evidence in the record.'" Sira v. Morton, 380 F.3d 57, 76 (2d Cir. 2004) (quoting Superintendent v. Hill, 472 U.S. 445, 454 (1985)). The Court need not "examin[e] . . . the entire record, . . . assess[] . . . the credibility of witnesses, or weigh[] . . . the evidence." Hill, 472 U.S. at 455–56. Yet the Court must be satisfied that there was "'reliable evidence' of the inmate's guilt." Luna v. Pico, 356 F.3d 481, 488 (2d Cir. 2004). Colao relied on the testimony of both Padgett and Dubois, together with the misbehavior report, in reaching his decision, Dkt. No. 24-1

2

("Appendix A") at 33–34,[1] and Brown has not given any reason to believe that evidence was unreliable, see Livingston v. Kelly, 423 F. App'x 37, 40 (2d Cir. 2011) ("The challenged discipline was supported by the eyewitness testimony of the assault victims, [who were defendant] Officers. The credibility of these witnesses was properly resolved by the hearing officer and is not a subject for independent review by this court."). Further, Brown cannot state a procedural due process claim simply by suggesting that Colao refused to credit testimony favorable to him. See Kotler v. Daby, No. 10-CV-136, 2013 WL 1294282, at *10 (N.D.N.Y. Mar. 28, 2013) ("Even though Plaintiff provides a very different version of the incident in question, Defendant . . . was entitled to make credibility determinations in rendering his decision and Plaintiff's own testimony to the contrary does not render the disposition unsupported by some evidence."); Walsh v. Finn, 865 F. Supp. 126, 129 (S.D.N.Y. 1994) ("Once the court determines that the evidence is reliable, its inquiry ends—it should not look further to see whether other evidence in the record may have suggested a contrary conclusion."). Thus, this objection is meritless.

The remainder of Brown's objections are either conclusory or do not respond to the findings or recommendations made by Judge Hummel. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

---

[1] The page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

**ORDERED**, that the Report-Recommendation (Dkt. No. 51) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that defendant Colao's Motion to Dismiss (Dkt. No. 24) is **GRANTED**; and it is further

**ORDERED**, that defendant Colao is **TERMINATED** from this action; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: March 24, 2017
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge