UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

MELVIN BROWN,

                Plaintiff,

  -against-                                    9:15-CV-1515 (LEK/CFH)

S. DUBOIS, *et al.*,

                Defendants.
─────────────────────────────────────────

## DECISION AND ORDER

**I.    INTRODUCTION**

This matter comes before the Court following a Report-Recommendation filed on April 10, 2018, by the Honorable Christian F. Hummel, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 79 ("Report-Recommendation"). Plaintiff Melvin Brown timely filed objections. Dkt. No. 80 ("Objections").

**II.   LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008), abrogated on other grounds by Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320,

2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III.   DISCUSSION

The majority of Plaintiff's objections restate his version of the events that were the subject of the evidentiary hearing described in Judge Hummel's Report-Recommendation. Objs. at 1–8. However, one objection argues that Judge Hummel improperly ignored a contradiction in the testimony of one of Defendants' witnesses, Sherri Debyah. Id. at 3. Specifically, he argues that Debyah, who is the Inmate Grievance Program ("IGP") Supervisor at Upstate Correctional Facility, provided inconsistent testimony in a declaration dated February 2, 2017, Dkt. No. 45–1 ("Debyah Declaration") at 1–2, as compared to statements made during the evidentiary hearing on October 30, 2017, Dkt. No. 73 ("Hearing Transcript") at 36–38.

Upon review of her testimony, the Court finds no such contradiction. Debyah testified in her Declaration that Upstate Correctional Facility did not maintain any grievance filed by Plaintiff in 2014. Debyah Decl. at 1–2. At the hearing, Debyah again testified that Upstate did not maintain any grievance filed by Plaintiff in 2014, but she also stated that she had found correspondence between Plaintiff and Scott Woodward, the IGP Supervisor at Upstate at that time. Hr'g Tr. at 36–37. In relevant part, Woodward's letter stated that Plaintiff had attempted to

2

file a grievance, but Woodward rejected the grievance because its subject matter—an assault allegedly occurring on July 3, 2014—must be aggrieved within forty-five days of its occurrence, and such deadline had passed. Id. at 37–38. Plaintiff presented no evidence at the hearing to contradict the findings of this letter, nor did he file a grievance regarding Woodward's decision to reject his original grievance as untimely. Rep.-Rec. at 7–8. Accordingly, Judge Hummel did not commit clear error in crediting Debyah's testimony.

The Court has reviewed the rest of the Report-Recommendation for clear error and has found none.

**IV.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 79) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 02, 2018
         Albany, New York

Lawrence E. Kahn
U.S. District Judge